IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT REY HERRERA,

      Plaintiff,

v.                                                            No. CIV 04-0158 RB/LAM

THE BOARD OF COUNTY COMMISSIONERS
OF DOÑA ANA COUNTY; DOÑA ANA
COUNTY; DOÑA ANA COUNTY DETENTION
CENTER; ALFONSO SOLIS; JEFF GARBOW
and FRANK STEELE, Present and Former
Administrators; UNKNOWN JAIL MEDICAL
EMPLOYEES, JAILERS AND TRANSPORT
OFFICERS, Individually and in their Official
Capacity as Officers for the Employees of the
DOÑA ANA DETENTION CENTER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 2), filed on February 19, 2004.  Jurisdiction arises under 28 U.S.C. §1331. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be granted.

**I.    Background.**

Plaintiff (Herrera) filed this case in state court on December 23, 2003, asserting federal civil rights and state tort claims for alleged denial of medical care while he was incarcerated at the Doña Ana County Detention Center (DACDC).  On February 13, 2004, Defendants removed the matter to federal court pursuant to 28 U. S. C. § 1441(b).  Herrera has been pro se since his counsel was permitted to withdraw on March 16, 2004.

Herrera alleges that on December 21, 2000, he suffered a fractured right wrist while he was incarcerated at DACDC. (Compl. ¶ 8.) Herrera contends that he was transported for medical care at an orthopedic physician's office in Las Cruces, New Mexico. (*Id.*) X-rays revealed an undisplaced fracture, and pain medications were prescribed. (Compl. ¶ 9.) Herrera was returned to jail with instructions that an appropriate brace be placed on his wrist and that he receive follow up medical care. (Compl. ¶ 8.) Herrera alleged that these instructions were not followed and that he was given an ace bandage and sent back to his cell. (*Id.*) Herrera alleges that he was incarcerated until January 4, 2001, without follow up medical treatment or pain medication. (*Id.*)

Herrera asserts federal constitutional claims under 42 U.S.C. §§ 1983 and 1985, and claims under the New Mexico Tort Claims Act. Specifically, Herrera contends that (1) Defendants violated his constitutional rights by failing to provide medical care; (2) Defendants conspired to violate his constitutional rights by failing to provide medical care; (3) Defendants negligently denied him medical care; (4) Defendants committed medical negligence; (5) Defendants intentionally refused to provide medical care; (6) respondeat superior; and (7) negligent hiring, training and control of staff. (Compl. at 7-15.)

On February 19, 2004, Defendants filed a motion to dismiss, arguing that the claims are time-barred. Herrera's attorney did not respond to the motion and withdrew on March 16, 2004. After Herrera's attorney withdrew, Defendants served the motion to dismiss and memorandum in support directly on Herrera on April 1, 2004. Herrera did not respond to the motion to dismiss. On May 27, 2004, I sua sponte warned Herrera that failure to respond could result in dismissal of his complaint, and extended the response deadline to June 30, 2004. Herrera failed to respond to the motion.

On April 14, 2004, the Honorable Lourdes A. Martinez, United States Magistrate Judge,

2

issued a notice setting a Rule 16 Initial Scheduling Conference on June 9, 2004. Herrera failed to appear at the Rule 16 conference. On June 10, 2004, Judge Martinez issued an order to show cause that required Herrera to respond by June 30, 2004. Judge Martinez admonished Herrera that failure to file a response to the order to show cause could result in dismissal of his complaint without further notice. Herrera failed to respond to the order to show cause.

**II.     Standard.**

As a pro se litigant, Herrera is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, I may not assume the role of advocate for Herrera. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).

**III.    Discussion.**

Defendants moved to dismiss based on the statute of limitations. Herrera was advised of the consequences of failing to respond to the motion and was afforded an adequate opportunity to respond. Herrera has consented to the dismissal of his complaint by failing to respond to the motion to dismiss. D.N.M.LR-Civ. 7.1 (b). Dismissal is appropriate as a sanction for his failure to comply with the court orders, the local rules, and his failure to cooperate in discovery. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1993); *Meade v. Grubbs*, 841 F.2d 1512, 1519-22 (10th Cir. 1988). Moreover, Herrera's state tort claims are barred by the two-year statute of limitations of the New Mexico Tort Claims Act. NMSA § 41-4-15. The federal constitutional claims arising from facts that occurred before December 23, 2000 are barred by New Mexico's three-year personal injury

statute of limitations.  NMSA 1978 § 37-1-8; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (§1983 actions governed by the personal injury statute of limitations of the state).  For all of these reasons, the motion to dismiss should be granted.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 2), filed on February 19, 2004, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**